**Troy Wayne BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–0656–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 23, 1992.

Wilbur Suggs, David R. McCormack, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant entered a plea of not guilty to the offense of possession of cocaine in an amount less than 28 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1989). He was convicted and the court assessed punishment at eight years' confinement in the Texas Department of Corrections plus a $1,000 fine. The judgment is affirmed.

Officer Scott of the Houston Police Department testified that on March 8, 1991, while on routine patrol in a residential area, he and his partner, Officer Francois, noticed three black males sitting in a car parked illegally on the right side of the street, facing south in a northbound lane. Francois pulled the patrol car next to the passenger's side of the parked car, and Scott got out, intending to give the driver a warning concerning the parking violation. Scott testified that as he approached the vehicle, he saw a clear plastic baggie containing what he believed to be crack cocaine in the lap of the appellant, who was sitting on the passenger's side of the front seat. Scott told the court that as a member of a narcotics unit, he had seen cocaine on numerous occasions and that he knew

what cocaine looked like. Scott ordered all three passengers to exit the vehicle, and as they did, he noticed appellant attempting to hide the plastic baggie and a white envelope in the seat between him and the driver. Once they were out of the car, Scott removed these articles. The baggie contained crack cocaine, and the envelope contained what appeared to be marijuana.

While Scott was retrieving the articles from the car, Officer Francois patted down appellant and found $1,000 in his pockets, mostly in ones, fives, tens, and twentys. Scott testified that within his experience the amount of cash and the way the bills were folded were consistent with that held by persons who sell small amounts of cocaine.

■ In his first point of error, appellant contends that the trial court erred in denying his motion to suppress evidence alleging that the police did not have probable cause to arrest him. When ruling on a motion to suppress, the trial court is the exclusive finder of the facts and its findings will be upheld if they are supported by the evidence. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980); *Posey v. State*, 763 S.W.2d 872 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Here, the trial court specifically held that probable cause did exist to make the arrest.

■ In attacking this finding, appellant argues that the officers used the traffic violation as a mere pretext to find probable cause for his arrest. He claims that since the officers were assigned to a narcotics unit, whose primary purpose was not to enforce traffic violations but to enforce drug violations, and because the officers testified that they knew appellant on sight and had suspected him of drug dealings in the past, the only reason they approached him on this occasion was to try to catch him for drug possession. An arrest for one crime may not be used as a pretext to search for evidence of another. *Black v. State*, 739 S.W.2d 240, 243 (Tex.Crim.App. 1987). When an arrest is used as such a pretext, it is an illegal arrest and evidence discovered as a result of it may not be used at trial. *Id.* at 244. Here, no arrest was

made until after the police had seen the cocaine on appellant's lap while he was stopped for the sole purpose of warning of a parking violation. After ordering appellant and the two other men with him to exit the car, Scott properly exercised his authority in retrieving the baggie from inside the car. Under the "plain view" doctrine, a warrantless seizure by police of private possessions is permitted when: (1) the police officer lawfully makes the initial intrusion; (2) the incriminating evidence is discovered inadvertently; and, (3) it is immediately apparent to the police that the items they observe may be evidence of a crime, contraband or otherwise subject to seizure. *Hill v. State*, 755 S.W.2d 197, 201 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)). Scott was lawfully present when he inadvertently discovered the baggie, and the incriminating character of the contents was immediately apparent. Thus, Scott made a lawful plain view seizure. At this point, probable cause existed to arrest appellant. The record supports the findings of the trial judge and his denial of the motion to suppress. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. He bases this claim on the conflicting testimonies of Officers Scott and Francois. In reviewing the sufficiency of the evidence, this court must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989).

The trial court had some difficulty reconciling the testimony of the two officers. Addressing his concern, Judge Walker stated:

> Bad situation. But I believe Officer Scott. I don't believe that other guy. I don't believe Francois. So I guess I'm going to find you guilty, Mr. Butler.

The trial court, as the trier of the facts, is the sole judge of the credibility of witnesses and the weight to be given their testimony and may accept or reject all or any part of any witness' testimony. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex.Crim.App. 1976); *Jones v. State*, 814 S.W.2d 801, 805 (Tex.App.—Houston [14th Dist.] 1991, no pet. h.). Judge Walker chose to disregard the testimony of Officer Francois, but chose to believe the testimony of Officer Scott. Scott's testimony gave the court sufficient evidence to find appellant guilty of possession of cocaine. Viewing the evidence in the light most favorable to the verdict, this court finds that the trial court could have found the essential elements of the crime beyond a reasonable doubt. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.