Paul Wendell **FRANKLIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–92–01110–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1993.

Marshall D. Brown, Jr., Houston, for appellant.

Rille Graber, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Paul Wendell Franklin appeals his judgment of conviction for the misdemeanor offense of unlawfully carrying a handgun. TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). The trial court rejected appellant's not guilty plea and assessed punishment at a fine of one hundred ($100) dollars. We affirm.

In his sole point of error appellant asserts that the trial court erred in not granting his motion to suppress the handgun. The relevant facts are as follows: On June 21, 1992, South Houston Police Officer Michael J. Powers was on routine patrol when he noticed appellant driving with an expired license tag. He activated his lights and stopped him. Appellant immediately jumped out of his truck and met the officer at the rear of the vehicle. This made Powers suspicious. He has been trained that a person who quickly bails out of a vehicle should be secured and the vehicle checked. Powers asked to see appellant's driver's license and proof of insurance. Although appellant had neither, he did have an expired driver's license that he offered to the officer. Powers walked to the driver's side of appellant's truck and looked in the window which was rolled down. He saw a gun

laying on the front seat of the vehicle in plain view. Powers approached appellant and asked if the gun was loaded. Appellant told him that it was. Powers seized the gun and placed appellant under arrest for carrying a weapon.

Appellant claims the trial court erred by denying his motion to suppress the handgun because the evidence was the fruit of an illegal search. In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980); *Posey v. State*, 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). As a basis for ruling on a motion to suppress, the trial judge is entitled to believe or disbelieve any or all of a witness' testimony and the appellate court is not at liberty to disturb any finding supported by the record. *Rysiejko v. State*, 782 S.W.2d 529, 532 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Further, unless there is a clear showing of abuse of discretion, a trial court's ruling on the admissibility of the evidence should not be reversed. *Williams v. State*, 535 S.W.2d 637, 639–40 (Tex.Crim.App.1976).

In attacking the trial court's ruling, appellant argues that the search of his vehicle was not proper either as a pat down for weapons, or as a search incident to an arrest. However, appellant ignores the fact that Officer Powers did not find the handgun as the result of a search. Rather, he noticed the weapon laying in plain view during a legal detention of appellant.

Under the "plain view" doctrine, a warrantless seizure by police of private possessions is permitted when: (1) the police officer lawfully makes the initial intrusion; (2) it is immediately apparent to the officer that the items he observed may be evidence of a crime, contraband, or otherwise subject to seizure. *Horton v. California*, 496 U.S. 128, 137, 110 S.Ct. 2301, 2314, 110 L.Ed.2d 112 (1990); *Haley v. State*, 811 S.W.2d 600, 603 (Tex.Crim.App.1991); *Butler v. State*, 825 S.W.2d 727, 728 (Tex. App.—Houston [14th Dist.] 1992, no pet.). Officer Powers lawfully stopped appellant

**116**

after noticing that his license tag had expired. The officer's suspicions were aroused when appellant quickly jumped out of the truck and met the officer at the rear of his vehicle. Thus, Officer Powers walked to the driver's side of the truck and looked into the open window. There, he saw the handgun laying in plain view on the front seat.

Appellant relies upon *Linnett v. State,* 647 S.W.2d 672 (Tex.Crim.App.1983), in support of his contention that the search was improper. Although the facts of *Linnett* regarding the initial stop are very similar to the facts presented here, *Linnett* did not involve the seizure of property found in plain view. To the contrary, the officer in *Linnett* approached appellant's vehicle and saw a canvas bag sitting on the front seat. He reached into the open window of the car and pulled the bag closer to him so that he could see the bag's contents. Inside the bag, he found a black canister. He opened the canister and found 20 hydomorphone pills. *Id.* at 673.

Unlike *Linnett,* where the evidence was concealed in a canister which was concealed in a canvas bag, the handgun in the present case was laying uncovered on the front seat of appellant's truck. Because Officer Powers observed property in plain view which he realized was evidence of a crime and this occurred during a lawful stop of appellant, the officer was entitled to seize that evidence. *See Richardson v. State,* 823 S.W.2d 773, 775 (Tex.App.—Fort Worth 1992, no pet.). *See also Turner v. State,* 744 S.W.2d 318, 319 (Tex.App.—Dallas 1988, pet. ref'd). We find that appellant has not shown that the trial court abused its discretion by denying his motion to suppress the handgun. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.