Affirmed and Memorandum Opinion filed July 17, 2003














Affirmed and
Memorandum Opinion filed July 17, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01247-CR

_______________

 

CHRISTIAN
DSEAN KING, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________

 

On Appeal from 177th District Court

Harris County, Texas

Trial Court Cause No. 923,691

________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant was charged with
possession of a firearm by a felon. 
After the trial court denied his motion to suppress, he pled no contest
to the charge.  In his sole issue, he
contends that the trial court erred in denying his motion to suppress because
(1) the stop of his car was improper; (2) he was arrested without probable cause
in violation of his constitutional rights; and (3) the firearms were the fruit
of a search incident to an unlawful arrest. 
We affirm.




 








I.  Background

            While on patrol, a Houston Police
officer stopped at a red light behind appellant’s car. He entered appellant’s
license plate number into the patrol car computer.  The police database indicated that
appellant’s car was listed as a “wanted” vehicle.  After verifying this information with the
dispatcher, the officer decided to stop appellant’s car, but first called for
back up.  While waiting for back up to
arrive, the officer saw appellant run a red light.

            When additional officers arrived,
the officer made a “felony traffic stop,” ordering appellant and the passenger
out of the car at gunpoint.  Appellant
and the passenger were then handcuffed and placed in the back of separate
patrol cars.  While confirming there were
no other occupants in the car, one of the officers saw a pistol butt protruding
from underneath the driver’s seat.  The
officers also saw a firearm protruding from underneath the front passenger
seat.  After the firearms were
discovered, appellant was formally placed under arrest.

                             II.  The Stop of Appellant’s Car

            To stop a motorist for investigative
purposes, an officer must have reasonable suspicion based on articulable facts that the person being detained has been,
is, or soon will be engaged in criminal activity.  Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). 
Reasonable suspicion must be based on specific and articulable
facts which, in light of the police officer’s experience and personal
knowledge, taken together with rational inferences from those facts, reasonably
warrant the intrusion.  Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). 
When determining whether the officer had reasonable suspicion, we look
at the totality of the circumstances.  Woods v. State, 956 S.W.2d. 33, 38 (Tex.
Crim. App. 1997). 

            We review determinations of
reasonable suspicion and probable cause de
novo.  Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim.
App. 1997).  In this review, we afford
almost total deference to a trial court’s determination of historical facts,
especially when the trial court’s findings are based on an evaluation of the
demeanor and credibility of witnesses.  Id.

            Appellant contends that the patrol
car computer report did not give the officer sufficient justification to stop
his car.  However, we do not reach this
point because appellant’s violation of a traffic law provided an independent
ground for the officer to stop his car. 
An officer may stop a motorist who commits a traffic violation in the
officer’s presence.  Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim.
App. 1982).

            At the motion to suppress hearing,
the officer testified that he saw appellant run a red light.  Appellant, however, testified that the light
was yellow when he went through the intersection.  At a hearing on a motion to suppress, the
trial judge is the sole finder of fact and may believe all or any part of a
witness’s testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
The trial judge resolves all conflicts in the testimony.  State
v. Fecci, 9 S.W.3d 212, 218–19 (Tex. App.—San
Antonio 1999, no pet.).  The trial court
did not make explicit findings of fact in support of its ruling at the motion
to suppress hearing.  However, we assume
that the trial court implicitly found the facts needed to support its ruling,
so long as those implied findings are reasonably supported by the record.  Balentine v. State,
71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  In
reviewing the evidence in the light most favorable to the trial court’s ruling,
we conclude that the trial court believed the officer’s testimony and
consequently found that appellant ran a red light in the officer’s
presence.  See id.

                Failure to stop at a red light is a traffic violation
under Texas law.  See
Tex. Transp.
Code Ann. § 544.007(d) (Vernon
1999).  Although the officer conceded
that the traffic violation did not constitute his basis for stopping appellant,
the officer’s state of mind need not provide the legal justification for an
objectively valid action.  Williams v. State, 726 S.W.2d 99, 100–01
(Tex. Crim. App. 1986).  As the officer in this case saw appellant run
a red light, he had an objective basis to stop appellant’s car regardless of
the subjective motive he expressed for making the stop.  See id.

 Because appellant committed a traffic violation
in the officer’s presence, we find that reasonable suspicion existed for the
officer to stop appellant’s car.

                                  III.  Discovery of Prohibited Firearms

            Appellant
argues that his initial detention was a warrantless
arrest rather than an investigative detention. 
He contends that this warrantless arrest was
unlawful under the Fourth Amendment and Article I, Section 9 of the Texas
Constitution and that the firearms were the fruit of a search incident to the
unlawful arrest.[1]  Because a warrantless
arrest is a seizure under the Fourth Amendment, it must be supported by
probable cause.  See Kaupp v. Texas, 123 S. Ct
1843, 1846 (2003).  Any evidence obtained
as the result of an unlawful seizure must be suppressed as fruit of the
poisonous tree.  See Lewis v. State, 737 S.W.2d 857, 862 (Tex. App.—Houston [1st
Dist.] 1987, pet. ref’d).  We do not decide, however, whether
appellant’s detention escalated into an arrest.  Regardless of the nature of appellant’s
detention, two separate grounds support the trial court’s ruling.

            If appellant were merely detained,
the discovery of the firearms was permissible because they were in plain view
at the time of the traffic stop.  When
police seize an item that is in plain view, the Fourth Amendment is not
offended because there is no invasion of privacy.  Walter
v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). 
Specifically, the plain view doctrine requires that (1) an officer see
an item in plain view at a vantage point where he has a right to be and (2) the
officer immediately recognize that the seized item may be evidence of a crime,
contraband, or otherwise subject to seizure. 
Franklin v. State, 855 S.W.2d 114, 115 (Tex. App.—Houston
[14th Dist.] 1993, no pet.).

            Here, after ordering appellant and
the passenger from the car, some of the officers restrained the two
individuals.  Other officers approached
the car to ascertain whether there were any remaining occupants who could pose
a threat to the officers’ safety.  During
a traffic stop, officers are entitled to approach the car and detect any items
that are in plain view.  See Walter, 28 S.W.3d at 544; cf. Garza v. State, 771 S.W.2d 549, 560
(Tex. Crim. App 1989) (holding that evidence in plain
view must be suppressed where the initial stop was not based on reasonable
suspicion).  Additionally, officers have
a right to take reasonable precautions to ensure their own safety.  See
Pennsylvania v. Mimms, 434 U.S. 106, 109–11 (1977)
(holding that an officer may ask a driver to step out of the car if it is
necessary to ensure the officer’s safety); Balentine, 71 S.W.3d at 771
(holding that officer may handcuff driver and place him in patrol car if
necessary to ensure the officer’s safety);
Josey v. State, 981 S.W.2d 831, 841 (Tex.
App.—Houston [14th Dist.] 1998, pet. ref’d) (holding
that to ensure an officer’s safety during an investigative stop, the officer
may move a suspect from one location to another).  Thus, the police had the right to approach
the car to check for other occupants. 
Furthermore, the record reflects that the police saw the firearms in
plain view and immediately recognized that the firearms may be evidence of a
crime.  Therefore, if appellant were
merely detained, the motion to suppress was properly denied.

            Alternatively, even if appellant had
been arrested, the officer testified that he saw appellant run a red
light.  An officer may make a warrantless arrest for a traffic offense committed in his
presence or within his view.  See Tex.
Code Crim. Proc. Ann. art. 14.01(b) (Vernon
1977).  Therefore, if the officer did in
fact arrest appellant, he had an objectively valid reason to do so.  See
Williams, 726 S.W.2d at 101.

            Because appellant committed a
traffic offense in the presence of the officer, any arrest was lawful, and the
officers were permitted to conduct a search incident to arrest.  See id.
at 100–01.  Therefore, appellant’s
attempt to suppress the firearms was properly denied. 

            Accordingly, the judgment of the trial court is affirmed.

 

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 17, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











            [1]  Appellant contends that the
officers’ conduct violated his rights under both the Texas and United
States Constitution.  However, he does
not indicate how his rights under the Texas Constitution exceed or differ from
his rights under the United States Constitution.  Therefore, we will only consider his federal
constitutional argument.  See Arnold v. State, 873 S.W.2d 27, 33
n.4 (Tex. Crim. App. 1993).