

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00303-CR

ANTONIO LAVELL ALLEN                                           APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Antonio Lavell Allen appeals from the trial court's denial of his pretrial motion to suppress and subsequent conviction for possession of less than one gram of methamphetamine. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

While working an off-duty security job at an apartment complex in a high-crime area, Arlington Police Officer John Henry saw someone park a car in the complex's parking lot, turn off the car's lights, and let it idle for approximately three minutes without anyone getting out of the car during that period. This made Henry suspicious "because, normally, somebody would get out of their car and walk straight to their apartment" and concerned "about the person that possibly could have . . . something going on, either illegal or possibly just them sitting there." Henry, who was in full uniform, reported the problem to dispatch, got out of his patrol car, and shined his flashlight on the suspicious car as he approached. He saw two people in the car. Appellant, from the passenger seat, rolled down his window when Henry motioned for him to do so. Henry immediately "got the smell of [burnt] marijuana" when Appellant rolled the window down. Appellant was "acting real nervous" and "started placing his hands . . . up under the [portable] DVD player" that was in his lap.

A back-up officer arrived and positioned himself at the driver's side window. The back-up officer also saw Appellant hiding his hands under the DVD player. Henry asked Appellant if "there was something illegal in the car," and Appellant admitted that "he had smoked marijuana earlier in the daytime." Although Henry repeatedly warned Appellant to keep his hands visible, Appellant continued to put his hands under the DVD player in his lap. Fearing that Appellant was reaching for a weapon, Henry opened the car door, grabbed

2

Appellant by the wrist, and pulled him out of the car. The DVD player fell to the floorboard and a "small . . ., clear baggie with a pink rock-like substance" fell out of Appellant's lap onto the ground. Based on his training, Henry suspected that the substance was methamphetamine. Henry arrested Appellant and found drug paraphernalia—a short straw used to snort illegal drugs—on Appellant's person. Appellant admitted that the baggie contained methamphetamine. The driver of the car was also arrested for possession of drug paraphernalia—a methamphetamine pipe. No marijuana was found. The substance in the baggie was tested and determined to be .17 grams of methamphetamine.

Appellant was indicted for possession of less than one gram of methamphetamine with an enhancement paragraph and a repeat-offender notice. *See* Tex. Health & Safety Code Ann. §§ 481.102(6), 481.115(a)–(b) (West 2010); Tex. Penal Code Ann. §§ 12.35(c)(2), 12.42(a) (West Supp. 2013). Appellant filed a motion to suppress the methamphetamine, the straw, and his statements to Henry, claiming such evidence had been "seized without warrant, probable cause[,] or other lawful authority." *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). The trial court denied the motion to suppress but instructed the jury in the charge that any evidence found to have been obtained in violation of the United States or Texas Constitutions as a matter of disputed fact had to be disregarded. *See id.* The jury found Appellant guilty, found the enhancement paragraph true, and assessed his punishment at ten years' confinement. The trial court sentenced him accordingly. Appellant now appeals

3

the denial of his motion to suppress and argues that there was neither reasonable suspicion to justify his detention nor probable cause to arrest him.

## II. MOTION TO SUPPRESS

### A. SCOPE AND STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

When, as here, the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We then review the trial court's legal ruling de novo unless the implied fact findings supported by the

record are also dispositive of the legal ruling. *State v. Kelly*, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006).

## B. REASONABLE SUSPICION

Appellant argues that "the police were without reasonable suspicion" to detain him because the sole facts Henry relied on were that the car had been parked for three minutes with no one getting out and he smelled marijuana when Appellant rolled down the passenger window. Reasonable suspicion sufficient to justify a detention of a suspect exists if an officer has specific, articulable facts that, when combined with rational inferences from these facts, would lead him to reasonably suspect that a particular person engaged in (or soon will engage in) criminal activity. *See Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); *State v. Larue*, 28 S.W.3d 549, 553 n.8 (Tex. Crim. App. 2000). Additionally, if an officer reasonably suspects that a person is armed, a limited pat down of that person is permissible, even absent probable cause to arrest the person for a crime. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S. Ct. 1868, 1883 (1968). We view the totality of the circumstances objectively—without considering the subjective intent of the officer conducting the detention—in making this determination. *Garcia*, 43 S.W.3d at 530; *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

## C. PROBABLE CAUSE

Appellant asserts that "the odor of marijuana alone in this case is insufficient to establish probable cause to arrest him" because the marijuana

smell "was . . . an old smell, [thus,] the probable cause was not particularized toward Appellant." Under the Fourth Amendment, a warrantless arrest is unreasonable per se unless it fits into one of a "few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S. Ct. 2130, 2135 (1993); *see Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). A police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question and the arrest falls within one of the exceptions set out in the code of criminal procedure. *Torres*, 182 S.W.3d at 901; *see* Tex. Code Crim. Proc. Ann. arts. 14.01–.04 (West 2005 & Supp. 2013).

Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge, or of which the officer has reasonably trustworthy information, an offense has been committed. *Torres*, 182 S.W.3d at 901–02. Probable cause—like reasonable suspicion—must be based on specific, articulable facts rather than the officer's mere opinion. *Id.* at 902. We use the "totality of the circumstances" test to determine whether probable cause existed for a warrantless arrest. *Id.*

## D. APPLICATION

## 1. Reasonable Suspicion

We conclude, as did the trial court, that sufficient reasonable suspicion was present to justify Appellant's detention. [2]

When Appellant rolled the passenger window down at Henry's request, Henry immediately smelled burnt marijuana. When Henry mentioned to Appellant that he could smell marijuana and asked if there was "anything illegal" inside the car, Appellant admitted he had smoked marijuana earlier in the day. Appellant acted "real nervous" and began reaching under a DVD player in his lap so his hands were no longer visible. Objectively viewing the totality of these circumstances, a reasonable officer in Henry's position could have reasonably suspected that Appellant had a weapon and, therefore, could detain him for a limited pat down for officer safety. *See State v. Castleberry*, 332 S.W.3d 460, 468–69 (Tex. Crim. App. 2011) (holding officer had reasonable suspicion to detain suspect for weapons pat down when suspect reached for his waistband after officer asked him for identification).

Further, the smell of marijuana and Appellant's admission that he earlier had smoked marijuana gave Henry specific, articulable facts that, when combined with rational inferences from these facts, would lead him to reasonably

---

[2]We assume without deciding that, once Henry asked Appellant to roll down the window, the interaction was a nonconsensual encounter and that Appellant was detained.

7

suspect that Appellant had engaged in criminal activity. *See United States v. Nunn*, No. 12-50504, 2014 WL 782957, at *1 (5th Cir. Feb. 28, 2014) (holding reasonable suspicion for detention present after officer approached defendant's car and smelled marijuana); *United States v. Grant*, 349 F.3d 192, 195, 197–99 (5th Cir. 2003) (finding reasonable suspicion to justify continued detention of passenger after traffic stop because driver admitted smoking marijuana earlier with passenger, car had "faint" smell of marijuana, passenger was nervous, and passenger made "furtive movements in the car"), *cert. denied*, 540 U.S. 1227 (2004); *United States v. Rhine*, Nos. 4:12-CV-931-A, 4:07-CR-183-A, 2013 WL 1718108, at *4 (N.D. Tex. Apr. 18, 2013) (finding reasonable suspicion for detention after officer smelled marijuana in car defendant was a passenger in and defendant admitted "that he had smoked marijuana earlier that night"); *Glazner v. State*, 175 S.W.3d 262, 266 (Tex. Crim. App. 2005) ("When Deputy Martin opened the door of appellant's truck and smelled marijuana, he acquired reasonable suspicion to continue detaining appellant because he, at that point, reasonably believed that appellant was or had been engaged in criminal activity."); *Taylor v. State*, 20 S.W.3d 51, 56 (Tex. App.—Texarkana 2000, pet. ref'd) ("The odor of marihuana alone provides reasonable suspicion of criminal activity to justify a continued detention . . . .").

Accordingly, we hold that Henry's detention of Appellant was lawful based on specific, articulable facts that, when viewed objectively, would lead Henry to

8

reasonably suspect that Appellant had engaged in criminal activity or that Appellant was armed.

## 2. Probable Cause

Probable cause to arrest Appellant was also present under the totality of the circumstances. Henry discovered the baggie containing the methamphetamine while lawfully detaining Appellant in a high-crime area and in the interest of officer safety. *See, e.g.*, *Chambers v. State*, 397 S.W.3d 777, 783 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding detention for officer safety permissible where suspect put hands in back pockets as if to reach for a weapon). The incriminating character of the contents of the baggie was immediately apparent to Henry based on his experience and training. The totality of these specific, articulable facts shows probable cause existed to arrest Appellant based on Henry's reasonable belief that the baggie contained an illegal drug. *See* Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 2005); *see also McGee v. State*, 105 S.W.3d 609, 614 (Tex. Crim. App.) (holding officer had probable cause to arrest defendant under article 14.01(b) based on presence of marijuana smoke in the air and marijuana cigarette on the ground next to defendant), *cert. denied*, 540 U.S. 1004 (2003); *Young v. State*, Nos. 14-99-00960-CR, 14-99-00961-CR, 2001 WL 253702, at *5 (Tex. App.—Houston [14th Dist.] Mar. 15, 2001, no pet.) (not designated for publication) (holding probable cause to arrest defendant present when officers, while clearing parking lot in high-crime area, saw defendant put a plastic baggie containing an illegal

9

substance into his pocket in a high-crime area and defendant consented to search of his pocket); *Josey v. State*, 981 S.W.2d 831, 839–41 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding officers justified in making warrantless arrest under article 14.01(b) after detaining defendant and discovering cocaine behind dashboard of his car); *Butler v. State*, 825 S.W.2d 727, 728 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (finding probable cause to arrest defendant where officer was lawfully present when baggie containing apparently incriminating substance inadvertently discovered, which led to proper plain-view seizure and valid arrest). *See generally Texas v. Brown*, 460 U.S. 730, 742, 103 S. Ct. 1535, 1543 (1983) (plurality op.) (holding probable cause only required reasonable belief that certain items may be contraband and "does not demand any showing that such a belief be correct or more likely true than false").

### 3. Summary

The implied, necessary fact findings, which were supported by the evidence adduced at the hearing on the motion to suppress, revealed that Henry had reasonable suspicion to detain and probable cause to arrest Appellant. Therefore, the trial court did not err by denying Appellant's motion to suppress. We overrule Appellant's sole point.

### III. CONCLUSION

Having overruled Appellant's sole point, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

10

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 8, 2014