**Lawrence Charles HILLSMAN,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–01019–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 12, 1999.

Stanley G. Schneider, Houston, for appellants.

Carmen Castillo Mitchell, Houston, for appellees.

Panel consists of Justices YATES, FOWLER, and FROST.

## O P I N I O N

KEM THOMPSON FROST, Justice.

At issue in this case is the showing necessary to invoke the plain view doctrine for purposes of demonstrating probable cause under the scrutiny of the Fourth Amendment of the United States Constitution and article I, section 9 of the Texas Constitution.

### INTRODUCTION

In a non-jury trial, the lower court found the appellant, Lawrence Charles Hillsman guilty of possession with intent to deliver cocaine, more than one gram and less than four grams. With the appellant's conviction enhanced by two prior felonies, the court sentenced him to twenty-five years in prison. The appellant now challenges his conviction, alleging that the search of his car and subsequent arrest were made without a valid warrant and without probable cause in violation of his state and federal constitutional rights. We affirm.

### FACTS

Before trial, the appellant filed a motion to suppress, alleging that the police seized evidence without probable cause in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution; article I, section 9 of the state Constitution; and article 38.23 of the Code of Criminal Procedure. After waiving his right to trial by jury, the appellant pled not guilty. The trial court carried the appellant's motion to suppress with the trial, simultaneously hearing evidence on both the motion and the appellant's guilt-innocence. The trial court ultimately overruled the appellant's motion to suppress and found him guilty as charged.

At the trial, Houston police officer Fred Wood, who had thirteen years' experience investigating narcotics matters with the Houston Police Department, testified that on February 29, 1996, he received information from an informant concerning a likely sale of narcotics. Officer Wood had dealt with this informant on a regular basis and had found him to be credible and reliable on narcotics matters. According to Officer Wood, the informant told him of a potential sale of crack cocaine to be made by an individual at a filling station in the 14000 block of Memorial Drive, in Houston. The informant told Officer Wood that the individual was known to him only as "Lawrence" and was twenty-five to thirty years old, five feet eleven, 210 to 220 pounds, with light skin, short black hair, and green eyes. The informant also provided additional detailed information to Officer Wood about the car "Lawrence" would be driving, including its make, model, license number, and other distinguishing features. Officer Wood called Sergeant Donald Culak to help with the investigation.

After obtaining the information from the informant, Officer Wood, dressed in plain clothes, went immediately to the designated location in an unmarked car. At about 2:45 p.m., approximately a half hour after receiving the informant's tip, Officer Wood saw a car matching the description and license plate number the informant had provided pull into the filling station parking lot. Officer Wood watched the driver, whom he later identified as the appellant, get out of the car and go to a pay phone. After alerting Sergeant Culak (the officer he had enlisted to help with the investigation) by radio to tell him that he was going to approach the appellant, Officer Wood drove across the parking lot and parked his unmarked car behind the appellant's car. Officer Wood testified that he got out of his car and proceeded toward the appellant, who was still on the pay phone. According to Officer Wood, the appellant was

not looking in his direction at the time. In his approach, Officer Wood walked past the driver's side of the appellant's car and saw a clear thirty-five millimeter film canister on the passenger seat to the right of the armrest. Officer Wood testified that from outside the appellant's vehicle, he saw in the canister a piece of blue paper and what he believed to be several square pieces of crack cocaine on top of the paper.[1]

Officer Wood testified at trial that after he verified the informant's information, he had reasonable suspicion to approach the appellant, and after he saw the white rocks he believed to be crack cocaine in the canister sitting in the appellant's car, he had probable cause to make the arrest. Sergeant Culak, who arrived at the scene just as Officer Wood was making the arrest, took photographs of the appellant's car. While still at the scene, Officer Wood conducted a field test on the canister contents, which tested positive for cocaine.

The appellant, who testified for motion purposes only, swore that while he was standing at the filling station's pay phone, Officer Wood approached him with his gun drawn and asked the appellant if he "wanted to die." Officer Wood denied making the statement. The appellant also testified that the entire time he was on the pay phone he was facing his car and that he did not see Officer Wood walk past the car as he approached.

The trial court denied the appellant's motion to suppress, noting that Officer Wood was authorized to be by the appellant's car and to look inside the car notwithstanding what information he may have received from the informant. Moreover, the trial court determined that when Officer Wood saw the cannister of white rocks, he saw an offense committed in plain view and had probable cause to arrest the appellant.

---

1. Officer Wood testified that in the past he had found crack cocaine to have paper wrapped with it to cushion it when it is pack-

## STANDARD OF REVIEW

When we review a trial court's probable cause determination, we afford almost total deference to a trial court's finding of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We afford the same amount of deference to a trial court's rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See id.* We review *de novo* "mixed questions of law and fact" not falling within this category. *See id.* Thus, if the trial court "is not in an appreciably better position" than we are to decide the issue, we may independently determine the issue while affording deference to the trial court's findings on subsidiary factual questions. *See id.*

## FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

In his first appellate issue, the appellant complains that the trial court erred in denying his motion to suppress because the state failed to sustain its burden of demonstrating probable cause for the arrest in violation of the appellant's rights under the Fourth Amendment of the United States Constitution.

### Movant's Burden of Proof

When a movant alleges that police violated the Fourth Amendment by having no probable cause for the arrest, the movant must first produce evidence that the arrest was warrantless. *See Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim. App.1986). Once a defendant establishes (1) that he was arrested and (2) that law officers had no warrant, the burden of

aged and thereby keep it from breaking into smaller pieces.

proof shifts to the state. *See id.* If the state produces evidence of a warrant, the burden of proof is shifted back to the defendant to show the invalidity of the warrant. If the state is unable to produce evidence of a warrant, then it must prove the reasonableness of the seizure. *See id.* at 10.

█ Here, the appellant failed to offer evidence that the arrest was warrantless. He could have done so easily by asking Officer Wood if the arrest was made pursuant to a warrant. The appellant, however, failed to do so. Therefore, the burden never shifted to the state to produce evidence of a warrant or, alternatively, the reasonableness of the seizure. Nevertheless, even if we were to presume that the appellant offered evidence that the arrest was warrantless, we would find that the state had probable cause for a warrantless arrest.

### The Plain View Doctrine

█ A police officer may arrest a party without a warrant for any offense committed within the officer's presence or view. *See* TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1994). The test for whether the officer had probable cause for a warrantless arrest is whether at the moment of arrest, the facts and circumstances within the officer's knowledge and of which the officer had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the arrested person had committed or was committing an offense. *See Guzman v. State,* 955 S.W.2d at 90. A police officer may seize evidence in plain view if the officer has the right to be where the discovery is made and if it is immediately apparent to the officer that the item is evidence, that is, if the officer has probable cause to associate the property with criminal activity. *See Haley v. State,* 811 S.W.2d 600, 603 (Tex.Crim.App.1991);

*Franklin v. State,* 855 S.W.2d 114, 115 (Tex.App.-Houston [14th Dist.] 1993, no pet.). The plain view doctrine allows the officer to seize contraband. *See DeLao v. State,* 550 S.W.2d 289, 291 (Tex.Crim.App. 1977).

### Determination of Probable Cause

█ The appellant claims that Officer Wood's testimony is not credible and that the evidence suggests that Officer Wood arrested him first, without probable cause, and only later found the cocaine. In support of this argument, the appellant points to the following:

(1) Officer Wood testified that he walked past the driver's window about a foot from the car and that without leaning over, he saw through the driver's window and saw the clear canister about six inches to the right of the armrest on the passenger's side. The appellant argues that three photographs, marked state's exhibit Nos. 7 through 9, showed the canister about three to four inches to the right of the armrest. According to the appellant, the armrest was about six to eight inches tall, and thus Officer Wood, who is six-foot-four inches tall, could not have seen the canister without sticking his head into the open window of the driver's side.[2]

(2) The photographs (state's exhibit Nos. 7–9) showed that the canister was not clear but was semi-opaque, thus suggesting Officer Wood could not have seen the white rocks from outside of the appellant's car.

(3) The time line does not support Officer Wood's testimony. Sergeant Culak testified that when he received a radioed message from Officer Wood, advising him that he was going to approach the appellant, Sergeant

---

**2.** At trial, Officer Wood testified that he could see the canister through the driver's side window from a standing position.

Culak arrived at the scene within a matter of seconds to find Officer Wood already arresting the appellant. The appellant argues that Officer Wood would not have had time to approach the car, see the contraband, and then arrest the appellant before Sergeant Culak arrived. The appellant argues that Officer Wood would have had to arrest him immediately after leaving the unmarked police car.

(4) Officer Wood initially testified that he was not wearing raid gear at the time of his arrest, but later conceded that he had been wearing raid gear at that time. The appellant argues that this evidence suggests Officer Wood intended to arrest the appellant before the officer walked past the appellant's car and supposedly saw the contraband.

(5) Of the three photographs admitted into evidence to show the location of the canister, not one was taken through the driver's side window. All were taken through the passenger's side window. The appellant argues that a photograph taken through the driver's side window would have shown that Officer Wood could not have seen the canister from the driver's side.

(6) The photograph marked state's exhibit No. 6 showed that the appellant's car was parked too close to the pay phone for the six-foot-four officer to have walked past the driver's side window and seen the canister without leaning over.

The appellant argues that the foregoing evidence suggests that Officer Wood intended to arrest him as soon as Officer Wood left the unmarked police car, and that Officer Wood found the contraband only after the appellant's arrest. The appellant contends that because Officer Wood had only the informant's information at the time of the arrest, and because that information was not sufficient to constitute probable cause, the arrest was illegal.

As the reviewing court, we grant almost total deference to the trial court's determination of historical matters that are supported in the record. The trial court was in a better position to judge the demeanor and credibility of the witnesses. The appellant, noting certain possible conflicts between Officer Wood's testimony and the photographs, asks us to grant almost conclusive weight to the photographs as against Officer Wood's testimony. The photographs do not demonstrate as a matter of law that the trial court abused its discretion in finding Officer Wood's testimony credible. Whatever possible inconsistencies may arise from the evidence presented in this case are best resolved by the trial court. We will not second-guess its decision in this case.

Applying the plain view doctrine, we find Officer Wood had the right to be in the filling station driveway near the appellant's car. When Officer Wood looked into the car, he saw the clear canister and immediately realized it contained white rocks, which he believed to be crack cocaine.[3] At that point, Officer Wood had probable cause to seize the suspected contraband and probable cause to arrest the appellant for possession of the suspected contraband. Therefore, even if we were to presume that the appellant met his burden of showing that the arrest was warrantless, we would find the arrest did not violate the Fourth Amendment. We also would find that the trial court did not err in admitting the evidence at trial.

We overrule the appellant's first appellate issue.

### ARTICLE I, SECTION 9 OF THE TEXAS CONSTITUTION

█ In his second appellate issue, the appellant argues that the trial court erred

---

3. Officer Wood testified that the rocks looked identical to crack cocaine rocks he had seen hundreds of times.

in admitting the evidence against him because the State failed to meet its burden of demonstrating probable cause under article I, section 9, of the Texas Constitution. The appellant argues that article I, section 9, grants greater protection to defendants than the Fourth Amendment of the United States Constitution.

Although it may be possible for the state constitution to grant greater protection than the federal constitution,[4] Texas courts have found that on several issues, article I, section 9 gives defendants no greater protection than the Fourth Amendment. For example, the Court of Criminal Appeals has adopted the Fourth Amendment test from *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), in analyzing state limits on investigative detention or arrest. *See Johnson v. State*, 912 S.W.2d 227, 232–35 (Tex.Crim. App.1995) (White, J., with three judges concurring and four judges concurring in result). This court has held that article I, section 9 provides no greater protection than the Fourth Amendment in the areas of inventory search and the "inevitable discovery" doctrine. *See Aitch v. State*, 879 S.W.2d 167, 172 (Tex.App.-Houston [14th Dist.] 1992, pet. ref'd). Although we have found no case in which the Court of Criminal Appeals or this court has analyzed the state constitutional limits on the plain view doctrine, we rely on the reasoning in *Johnson* and in *Aitch* to conclude that article I, section 9 grants no greater protection in this area than does the Fourth Amendment. Thus, we do not need to undertake a separate state constitutional analysis. We overrule the appellant's second appellate issue.

We affirm the trial court's judgment.

---

4. *See Heitman v. State*, 815 S.W.2d 681, 690 (Tex.Crim.App.1991).