Opinion issued June 27, 2008
 





    





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00545-CR
____________

YESENIA BEATRIZ HILL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1078820



 
O P I N I O N

          A jury convicted appellant, Yesenia Beatriz Hill, of compelling prostitution,
and the trial court assessed punishment at eight years in prison. See Tex. Penal
Code Ann. § 43.05(a)(2) (Vernon 2003). After determining that compelling
prostitution under section 43.05(a)(2) of the Texas Penal Code is a result-of-conduct
offense, we determine whether the trial court reversibly erred by refusing to limit the
definition of “knowingly” to the result of appellant’s conduct. We affirm.
Facts
          Appellant advertised massages by Hispanic females in the Houston Press. The
Houston Police Department set up a sting operation in which officers called phone
numbers in Houston Press advertisements to investigate prostitution. On June 22,
2006, undercover officers Don Miller and Samuel Roccaforte responded to
appellant’s advertisement and requested that appellant bring two females to the
Intercontinental Hotel. Appellant drove two females to the hotel and dropped them
off. One of the females was the complainant, D.P., a minor under age 17. While at
the hotel, the complainant and the other female, Urixie Gutierrez, each negotiated sex
acts for money with the undercover officers. After arresting both the complainant and
Urixie for prostitution, the officers had the two females call appellant to return to the
hotel. When appellant arrived, the officers arrested her for transporting another for
illegal and immoral purposes. Initially, the complainant told the officers that she was
19. Later, at the police station, she said that she was actually 14 years old.
          Urixie testified at trial that she, the complainant, and appellant worked together
in an apartment for about two months giving massages. The complainant testified
that she met appellant at a party. Appellant asked the complainant if she was looking
for work and then asked her if she was interested in giving massages for money. The
complainant told appellant that she was 14, and appellant told her to tell clients that
she was 19. The complainant went with appellant to the apartment, where appellant
explained how the business worked. When a client rang the doorbell, the females
would line up, and the client would choose one or two. Whichever female the man
picked would take him upstairs to undress. Afterward, the female would give the
money received for the massage to appellant. Appellant told the complainant to give
a man a massage with pleasure, and later she realized that this meant sex. Appellant
charged $160.00 for a massage if a client picked the complainant. After each
massage, appellant gave the complainant $80.00 back from the $160.00. Appellant
also provided the complainant with condoms.Jury Charge Error
          In her sole point of error, appellant contends that the trial court reversibly erred
by not tailoring the jury charge definition of knowingly to the offense charged,
compelling prostitution, which he contends is a result-of-conduct offense. 
A.      Standard of Review
          In reviewing challenges of error in the trial court’s charge, we utilize a two-step
review process. First, we determine whether charge error exists and, second, whether
the error caused sufficient harm to warrant reversal of the conviction. Porter v. State,
921 S.W.2d 553, 557 (Tex. App.—Waco 1996, no pet.). The underlying rationale is
that “a defendant is entitled to be convicted upon a correct statement of the law.” 
Hutch v. State, 922 S.W.2d 166, 174 (Tex. Crim. App. 1996). If we find that an error
exists and that it caused sufficient harm, we must reverse the trial court’s decision. 
See Porter, 921 S.W.2d 553 at 557. 
B.      Result-of-Conduct Offense
          Appellant contends that compelling prostitution is a result-of-conduct offense. 
The State argues that the offense of compelling prostitution as charged in this case
contains more than one conduct element, i.e., that it is a combination nature-of-conduct and result-of-conduct offense.
          An offense can be categorized as one of the following, or some combination
of the following types of offenses, requiring the mens rea definitions in section 6.03
of the Texas Penal Code


 to be tailored accordingly: a nature-of-conduct offense, a
circumstances-surrounding-conduct offense, or a result-of-conduct offense. Alvarado
v. State, 704 S.W.2d 36, 38 (Tex. Crim. App. 1985) (citing Graham v. State, 657
S.W.2d 99 (Tex. Crim. App. 1983)). A nature-of-conduct offense is one in which the
Legislature intended to punish specified conduct, rather than a specified result. For
instance, before the 1983 amendments, the Legislature indicated that rape is a nature-of-conduct crime and required that the mental culpability go to that element of
conduct because the statute prohibited “having sexual intercourse with a female,”
emphasizing the specified conduct, rather than the specified result. Alvarado, 704
S.W.2d at 39. A circumstances-surrounding-conduct offense is maybe an otherwise
innocent act, but the circumstances in which it occurs cause it to become a crime. See
McClain v. State, 687 S.W.2d 350, 355 (Tex. Crim. App. 1985) (theft). A result-of-conduct offense—such as injury to a child, the majority of assaultive crimes, and
homicide offenses—does not specify the nature of conduct. Alvarado, 704 S.W.2d
at 39. Therefore, the nature of conduct in these offenses is inconsequential to the
commission of the crimes. What matters is that the conduct is done with the required
culpability to effect the result that the Legislature has specified. Id. (injury to a
child); see Lugo-Lugo v. State, 650 S.W.2d 72, 81 (Tex. Crim. App. 1983) (murder). 
          A person commits the offense of compelling prostitution, as charged in this
case, if she knowingly causes by any means a person younger than seventeen years
to commit prostitution. Tex. Penal Code Ann. § 43.05(a)(2). Neither the Court of
Criminal Appeals nor any court of appeals has indicated into which of the three
categories from Alvarado the offense of compelling prostitution falls. The culpable
mental state established by section 43.05(a)(2) is “knowingly.” 
A person acts knowingly or with knowledge with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist. A person acts knowingly
or with knowledge, with respect to a result of his conduct when he is aware
that his conduct is reasonably certain to cause the result.

Id. § 6.03(b) (Vernon 2003). 
          The Corpus Christi Court of Appeals has addressed directly whether a similar
offense, aggravated sexual assault of a child, is a result-of-conduct offense. See
Saldivar v. State, 783 S.W.2d 265, 267 (Tex. App.—Corpus Christi 1989, no pet.). 
In Saldivar, the court held that the use of the word “causes” after “knowingly”
focuses on the resulting conduct of the offense. Id. Aggravated sexual assault of a
child is defined as:
A person commits an offense if the person intentionally or knowingly causes
the penetration of the mouth of the anus or sexual organ of a child by any
means if the victim is younger than 14 years of age.

Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon 2003). Although the
resulting conduct in the definition of aggravated sexual assault comes directly after the
verb “causes,” the court emphasized the proximity of “knowingly” to “causes,” rather
than discussing the proximity of “causes” to the resulting conduct in its analysis. The
statutory definition of compelling prostitution applicable here also has the word order
of “knowingly” just before “causes.” Thus, despite the offense here having “by any
means” between “causes” and the resulting conduct, Salvidar does not call for a
different result here. See Saldivar, 783 S.W.2d 265 at 267.
 
          The State contends that compelling prostitution is a combination of nature-of-conduct and result-of-conduct because knowingly applies to the manner and means of
the conduct—“by any means”—as well as to the result. However, the phrase “by any
means,” upon which the State relies for applying knowingly to engaging in conduct,
does not specify any particular conduct. See Tex. Penal Code Ann. § 43.05(a)(2). 
Thus, the Legislature did not intend the offense here to be a combination nature-of-conduct and result-of-conduct offense. Therefore, we agree with appellant that
compelling prostitution under section 43.05(a)(2) is a result-of-conduct offense. 
C.      Error in the Charge
          Appellant objected to the charge at trial because its relevant instruction did not
limit the culpable mental state of “knowingly” to knowledge of the result of the
conduct. The instruction read:
A person acts knowingly, or with knowledge, with respect to the nature
of her conduct or to circumstances surrounding her conduct when she is
aware of the nature of her conduct or that the circumstances exist. A
person acts knowingly, or with knowledge, with respect to a result of her
conduct when she is aware that her conduct is reasonably certain to cause
the result.
The charge should have been limited to knowledge of the result because compelling
prostitution is a result-of-conduct offense. The definition of knowingly in the charge
here applied the culpable mental state to all three types of conduct elements. 
 
          A trial court errs when it does not limit the definitions of the culpable mental
states as they correlate to the conduct elements involved in a particular offense. Cook
v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). Because compelling
prostitution is a result-of-conduct offense, it was error to include an instruction on the
nature of the conduct and the circumstances surrounding the conduct in the jury
charge. 
D.      Harm Analysis 
          Having found that the trial court erred in refusing to limit the jury charge to
result of conduct, we must determine if such an error created sufficient harm to
warrant reversal. Error in the charge, if subject to a timely objection, as here, requires
reversal if the error is “calculated to injure the defendant’s rights,” meaning there need
be only “some” harm. Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). 
Appellant must have suffered actual, rather than merely theoretical, harm from the
error. Id. In other words, a properly preserved challenge to a charge error will require
reversal so long as the error is not harmless. Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984). The four-part analysis for assessing harm consists of
reviewing (1) the entire jury charge; (2) the state of the evidence, including the
contested issues and weight of probative evidence; (3) the arguments of counsel; and
(4) any other relevant information revealed by the record of the trial as a whole. Id.
 
          Appellant argues that the jury instruction caused her harm because her defense
was that she had given the complainant money to give massages and that giving her
money for massages did not cause the complainant to commit prostitution. Appellant
contended that the choice to engage in prostitution was the complainant’s unilateral
decision. Further, appellant argues that the jury instruction lowered the State’s burden
of proof by allowing the jury to convict even if it did not believe that appellant knew
that the promise of money for giving massages would cause the complainant to
commit prostitution.1.Charge as a Whole
          Our analysis begins with reviewing the jury charge as a whole. See Almanza,
686 S.W.2d at 171. The relevant portion of the application paragraph of the jury
charge in this case authorized the jury to convict if it found that appellant “knowingly
by promise of money caused [D.P.], a person younger than 17 years, to commit
prostitution, then you will find the defendant guilty of compelling prostitution, as
charged in the indictment.” It may not be obvious from the word order that knowingly,
which comes first, applies directly to the result, committing prostitution, which comes
last. Immediately before the application paragraph, however, in a separate obverse
instruction, the jury was instructed that it must believe beyond a reasonable doubt that
appellant “knowingly caused another to commit prostitution” before it could convict
her. A juror could not mistake the requirement of the obverse instruction that
knowingly applied directly to causing another to commit prostitution. Therefore, the
jury charge as a whole appears to have cured any harm.
          2.       State of the Evidence
          Next, we must review the state of the evidence, including the contested issues
and weight of probative evidence, for any actual harm. The only contested issue in
this case was whether appellant caused the complainant to give massages or to engage
in prostitution. 
          Appellant relied on evidence developed during the cross-examination of Urixie,
showing that each female decided to engaged in sex with clients without the knowledge
of appellant. The defense also cross-examined the complainant in order to establish
that appellant never specifically told the complainant to have sex with clients, but,
rather, the complainant figured it out on her own.
          On the other hand, the State developed evidence showing that appellant knew
that the result was prostitution. Perhaps the most devastating evidence was that
appellant supplied the complainant with condoms and that a half-empty box of
condoms was recovered from appellant’s car. The State also showed that appellant
knew that the complainant plied her trade in an apartment building bedroom or in hotel
rooms rather than on a professional massage table.
          The jury was thus faced with a choice of whether appellant knew that the result
of her conduct was prostitution or merely the giving of massages. Both the State’s and
defense’s evidence focused on appellant’s knowledge of the result of appellant’s
conduct. Therefore, the state of the evidence, including the contested issues, and the
weight of the probative issues, did not cause any harm here.
          3.       Arguments of Counsel
          Third, we must review the arguments of counsel. Counsel for the State argued
that appellant knew what the complainant was doing, i.e., prostitution, because she
transported her everywhere, took her phone calls, advertised for her, and exploited the
complainant’s actions to make money. The defense argued that all that appellant did
was to give the complainant money to give massages and that it was the complainant’s
decision to engage in prostitution. Both of these arguments urged the jury to decide
whether or not appellant knowingly caused the resulting prostitution. There was no
harm from the arguments of counsel.
          4.       Any Other Relevant Information     
          Finally, we must review any other relevant information, including the record as
a whole. We conclude that there is no other information contained within the record to
show sufficient harm resulting from the error.
E.      Resolution
          Having analyzed the pertinent factors, we hold that no actual harm resulted from
the trial court’s refusal to tailor the definition of “knowingly” to result of conduct. 
Accordingly, we overrule appellant’s sole point of error.
 
          Conclusion
          We affirm the judgment of the trial court.
 
 
Tim Taft
Justice
 
Panel Consists of Justices Taft, Jennings, and Bland.
 
Publish. Tex. R. App. P. 47.2(b).