Affirmed
and Memorandum Opinion filed August 20, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-08-00557-CR
& 14-08-00558-CR

____________

 

DERNARVICE C. MITCHELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause Nos. 1156526
& 1157494

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Dernarvice C.
Mitchell of assault on a public servant and possession of more than four grams
and less than two hundred grams of cocaine.  The trial court sentenced him to
concurrent thirty‑five year prison terms for each offense.  In three
issues, appellant contends that the trial court erred in denying his motion to
suppress and request for a jury instruction under article 38.23 of the Texas
Code of Criminal Procedure and that he received ineffective assistance of
counsel.  We affirm.

 








I.  Background

Late one night in December 2006, Officer
Jeffrey Oliver and several other officers were patrolling a high‑crime
area when they noticed a man suspiciously looking into vehicles.  When they
approached him to investigate, the man fled through the parking lot, eventually
evading the pursuing officers.

Less than one minute later, the officers
saw a car coming from the same direction from which the man had fled. 
According to the officers, the car=s headlights were
off.  Officer Oliver testified that he wanted to stop the car to dispel his
suspicion that the driver was the suspect attempting to flee.  He stated that
he tried to flag the car down with his flashlight from approximately thirty
feet away but was unable to do so.  When the car did not stop, Officer Oliver
radioed Sergeant L.E. Thomas, who was in a patrol car, for assistance.  After
Sergeant Thomas stopped the car, Officer Oliver approached its front driver=s side window with
his gun drawn.  Officer Oliver testified that he looked at the driver
(appellant) and realized he was not the suspect, but then looked down and saw
what he believed was a crack cocaine Acookie@ on the car=s front passenger‑side
floorboard.  Sergeant Thomas testified that he peered into the passenger side
of the vehicle with a flashlight at that time and also saw what he believed was
a crack cocaine Acookie@ on the
floorboard.  Officer Oliver told appellant to exit the vehicle at that point. 
According to Officer Oliver=s testimony, appellant stepped from the
car, punched him in the face, and attempted to flee but was taken into custody
by the other officers.








Appellant=s testimony
differed from the officers=.  He stated that when he got into the car
that night he did not see anything in it like the Acookie@ that both
officers claimed to have observed.  He further stated that the car=s headlights were
on as he drove through the parking lot, and he did not see any officers trying
to stop him until the patrol car pulled him over.  Appellant testified that the
officer in the patrol car never got out, nor was anyone standing on the
passenger side of the car shining a light in during the stop.  He claimed that
Officer Oliver approached the driver=s side window from
behind and ordered appellant out of the car at gunpoint.  According to
appellant, Officer Oliver could not see the car=s front passenger
floorboard from where he was standing when he ordered appellant out of the
car.  After appellant got out, Officer Oliver walked him to the back of the car
at gunpoint and told him to put his hands on the car.  Appellant claimed that
Officer Oliver asked if appellant knew someone named ADeeDee@ and then struck
him in the face with a pistol.  Appellant attempted to run back to his
apartment out of fear but was apprehended by the other officers.

The officers seized the Acookie@ along with other
controlled substances found in an inventory search of the car after appellant
was arrested. The trial court denied appellant=s motion to
suppress the narcotics and overruled his objection to the lack of an article
38.23 instruction in the jury charge.  The jury convicted appellant of
possession of cocaine and assault on a public servant.  This appeal followed.

II.  Motion to Suppress

In his first issue, appellant contends
that the trial court abused its discretion in denying his motion to suppress
the drugs found in the car.  To preserve this complaint for review, the record
must show that appellant made a timely and specific request, objection, or
motion and obtained a ruling from the trial court.  See Tex. R. App. P. 33.1(a); Garza v.
State, 126 S.W.3d 79, 84B85 (Tex. Crim. App. 2004).  Generally, an
overruled pretrial motion to suppress will preserve error as to the challenged
evidence.  Garza, 126 S.W.3d at 84; Moraguez v. State, 701 S.W.2d
902, 904 (Tex. Crim. App. 1986).  To preserve error without a pretrial hearing
or ruling on the motion, the defendant must object or urge the motion as soon
as the challenged evidence or testimony relating to it is offered.  See
Marini v. State, 593 S.W.2d 709, 714 (Tex. Crim. App. 1980) (panel op.). 
We will excuse non‑compliance with this rule only where the trial judge
states before trial that a ruling will be withheld until the jury hears the
evidence and thereby clarifies that any attempt to object or obtain a ruling at
the earliest opportunity would be futile.  See Garza, 126 S.W.3d at 84B85.








Here, the record does not contain a
written motion to suppress the drugs.  By the time such a motion was mentioned
in the record, the jury had already heard the following unobjected‑to
testimony:  Officer Oliver and Sergeant Thomas saw what they believed, based on
their training and experience, to be a crack cocaine Acookie@ on the floorboard
prior to ordering appellant out of the car; a search incident to arrest
uncovered what appeared to be more crack rocks; two other officers saw what
they believed was a crack cocaine Acookie@ on the floorboard
after appellant was in custody; and Officer Oliver identified the State=s pre‑marked
exhibits as the seized drugs and testified regarding their weight.  The trial
judge made no pretrial comments suggesting that the objection requirement was
excused.  Cf. id.  Therefore, appellant waived this complaint by not
objecting or urging his motion to suppress when the State offered the above
testimony.  See id.; Marini, 593 S.W.2d at 714; Turner v.
State, 642 S.W.2d 216, 217 (Tex. App.CHouston [14th
Dist.] 1982, no pet.).

Moreover, even if we assume that appellant
preserved this complaint, we conclude that it is without merit.  We review the
denial of a motion to suppress under a bifurcated standard of review, giving
almost total deference to the trial court=s findings of historical
fact supported by the record and reviewing de novo the trial court=s application of
search and seizure law.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  Here, the trial court did not make explicit fact findings, so we review
the evidence in the light most favorable to the trial court=s ruling and
assume that the trial court made implicit fact findings supporting its ruling
as long as such findings are supported by the record.  Carmouche, 10
S.W.3d at 327B28.  As the sole arbiter of credibility at a
suppression hearing, the trial court may choose to believe or disbelieve all or
any part of a witness=s testimony.  See State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000).








We examine the reasonableness of a
temporary detention in light of the totality of the circumstances, including
the detaining officer=s knowledge and experience.  Woods v.
State, 956 S.W.2d 33, 37B38 (Tex. Crim. App. 1997).  Viewed through
that lens, a temporary detention is justified when specific articulable facts
and reasonable inferences therefrom lead the detaining officer to reasonably
suspect that the prospective detainee actually is, has been, or soon will be
engaged in criminal activity.  Id. at 38.  Under the circumstances,
Officer Oliver could have reasonably suspected that the fleeing suspect who had
been looking into vehicles was preparing to burglarize a car and that appellant
was the fleeing suspect given that the car he was driving came from that direction. 
His temporary detention of appellant to address that suspicion was therefore
justified.  See id.  As a result, Sergeant Thomas=s stop of
appellant pursuant to Officer Oliver=s request was also
justified.  See Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim. App.
1987) (stating that cumulative information known to cooperating officers at
time of stop must be considered in determining whether reasonable suspicion
justified stop); see also State v. Jennings, 958 S.W.2d 930, 933 (Tex.
App.CAmarillo 1997, no
pet.) (stating that for purposes of determining whether probable cause existed,
operative circumstances include those known to officer making stop and those
collectively known by officers cooperating together at time of detention).

The detention based on that suspicion had
to be temporary, last no longer than reasonably necessary to determine whether
appellant was the fleeing suspect, and involve the least intrusive means
necessary to quickly verify or dispel the officer=s suspicion.  See
Davis v. State, 947 S.W.2d 240, 243B45 (Tex. Crim.
App. 1997).  Though Officer Oliver dispelled his initial suspicion when he
looked at appellant and realized he was not the suspect, he testified that he
looked down at that moment and saw the Acookie@ on the passenger
floorboard.  Thus, at that point, he and Sergeant Thomas had probable cause to
arrest appellant and seize the drugs.  See Walter v. State, 28 S.W.3d
538, 544 (Tex. Crim. App. 2000); Hillsman v. State, 999 S.W.2d 157, 161B62 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).  Accordingly, even if appellant had
preserved his first issue for review, the trial court did not err in overruling
his motion to suppress.  We overrule appellant=s first issue.

III. Request for
an Article 38.23 Instruction








In his second issue, appellant asserts
that the trial court erred by refusing to instruct the jury under article 38.23
of the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).  We
interpret appellant=s specific contention to be that the trial
court should have instructed the jury to resolve factual disputes in the
evidence regarding the legality of his detention and then disregard the drugs
seized as a result of that detention if the jury resolved those disputes in
appellant=s favor.  A defendant must meet three requirements to
trigger an article 38.23 instruction (1) the evidence heard by the jury must
raise an issue of fact, (2) the evidence on that fact must be affirmatively
contested, and (3) the contested factual issue must be material to the
lawfulness of the challenged conduct in obtaining the evidence.  Madden v.
State, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). If these requirements
are met, a material fact issue is raised and the trial court must include an
article 38.23 instruction in the charge.  See id.; see also Oursbourn
v. State, 259 S.W.3d 159, 181 n.85 (Tex. Crim. App. 2008).  The only
question is whether the evidence raises an issue requiring the instruction.  Madden,
242 S.W.3d at 510.  When no genuine dispute about a material fact is raised by
the evidence, the trial court determines the challenged conduct=s legality as a
matter of law.  Id.  And if other undisputed facts are sufficient to
support the challenged conduct=s lawfulness, then no jury instruction is
required on the factual dispute because it is immaterial to the ultimate
admissibility of the evidence.  Id.  Error preservation is relevant in
this context only in determining the applicable harm standard if we first
determine that the trial court erred.  See Oursbourn v. State, 259
S.W.3d at 181 n.85; Pickens v. State, 165 S.W.3d 675, 680 (Tex. Crim.
App. 2005).








In this case, Officer Oliver admittedly
stopped appellant for the sole reason of determining if appellant was the
fleeing suspect.  Although Officer Oliver dispelled his suspicion the moment he
arrived at the driver=s window and looked at appellant, as we
discussed above, his contemporaneous observation of cocaine on the floorboard
provided probable cause to arrest appellant.  See Davis, 947 S.W.2d at
243B45; see also
Walter, 28 S.W.3d at 544; Hillsman, 999 S.W.2d at 161B62.  However,
appellant raised a factual dispute as to that justification through his
testimony that Officer Oliver could not see the floorboard from where he was
standing when he ordered appellant out of the car.  Though Sergeant Thomas also
testified to seeing the Acookie@ on the floorboard
at that time, appellant raised a fact issue as to that evidence as well by
asserting that Sergeant Thomas never left the patrol car, and that no one was
standing on the passenger side of the vehicle.  There are no undisputed facts
that otherwise render the above factual disputes immaterial to the
admissibility of the challenged evidence.  Cf. Madden, 242 S.W.3d at 516B17.  We therefore
hold that the trial court erred by not instructing the jury under article 38.23
to disregard the evidence if it resolved those factual disputes in appellant=s favor.

Having determined that the trial court
erred by not including an article 38.23 instruction in the jury charge, we must
now determine whether that error caused appellant harm.  Though appellant never
presented a proposed jury instruction, he preserved error by (1) requesting an
article 38.23 instruction regarding whether Officer Oliver was in a position to
see the passenger side floorboard when he realized appellant was not the
suspect, and (2) objecting at the charge conference to the trial court=s refusal to
include an article 38.23 instruction in the charge.  See Oursbourn, 259
S.W.3d at 174 (stating that the defendant must present a proposed jury
instruction or object to the lack of one to preserve error); Madden, 242
S.W.3d  at 511 (stating that the defendant must request an instruction on a
specific historical fact or facts).  Therefore, reversal is mandated if Asome harm@ resulted from the
trial court=s error.  See Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1984).  To determine whether some harm resulted from the
trial court=s error, the actual degree of harm must be assayed in
light of the entire jury charge, the state of the evidence, the argument of
counsel, and any other relevant information revealed by the trial record as a
whole.  Id.; see also Atkinson v. State, 923 S.W.2d 21, 27 (Tex.
Crim. App. 1996).  However, appellant is entitled to reversal only if he
suffered some actual, rather than merely theoretical, harm from the error.  Arline
v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986); Hill v. State,
265 S.W.3d 539, 543 (Tex. App.CHouston [1st Dist.] 2008, pet. ref=d).








In addition to possession of a controlled
substance, the jury also convicted appellant of assault on a public servant. 
The jury was instructed to convict appellant of that offense if it found beyond
a reasonable doubt that, inter alia, appellant hit Officer Oliver while he was Alawfully
discharging an official duty, to wit: detaining the defendant for possession of
a controlled substance.@  In other words, the jury was instructed
that to convict appellant of assault on a public servant, it had to find beyond
a reasonable doubt that Officer Oliver was lawfully detaining appellant for
possession of a controlled substance at the time of the assault.  Cf. Hoitt
v. State, 28 S.W.3d 162, 167B68 (Tex. App.CTexarkana 2000,
pet. dism=d as improvidently granted) (analyzing whether jury
could have properly found appellant=s arrest lawful in
assault on a public servant prosecution involving a similar jury charge to the
one presented here).  We must assume that the jury followed the instructions as
set forth in the jury charge.  See Miles v. State, 204 S.W.3d 822, 827B28 (Tex. Crim.
App. 2006).  Therefore, the jury=s conviction of
appellant for assault shows that the jurors must have believed that Officer
Oliver saw the Acookie@ on the passenger
side floorboard, given his testimony that he then ordered appellant out of the
car, stated that appellant was under arrest for cocaine possession, and was
promptly hit in the face.  Cf. Porter v. State, 255 S.W.3d 234, 241B43 (Tex. App.CWaco 2008, pet.
ref=d) (holding that
error in denying article 38.23 instruction did not cause defendant Asome harm@ where the jury=s conviction of
appellant for evading arrest or detention showed that the jury necessarily
found the defendant=s arrest or detention lawful); Wilkerson
v. State, 933 S.W.2d 276, 281 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d) (holding that where the jury must have
rejected the defendant=s testimony to convict him the erroneous
omission of an article 38.23 charge regarding a factual dispute raised by that
testimony did not cause Asome actual harm,@ and stating that
there was no reason to believe that the mere presence of an article 38.23
charge would have caused the jury to give more credence to the defendant=s testimony).  Thus,
our review of the jury charge as a whole suggests that any harm resulting from
the trial court=s error was merely theoretical, rather
than actual.[1] 
See Porter, 255 S.W.3d at 241B43; Wilkerson,
933 S.W.2d at 281.








Next, we review the state of the evidence,
including the contested issues and weight of the probative evidence, for any
actual harm.  See Almanza, 686 S.W.2d at 171.  The contested issues in
this case were whether the officers could see the passenger side floorboard
when Officer Oliver ordered appellant out of the car, whether appellant had the
intent required to be guilty of cocaine possession, and whether appellant
struck Officer Oliver.

Appellant=s account
conflicted with the accounts of Officer Oliver and Sergeant Thomas as to
whether a crack cocaine Acookie@ was visible on
the car=s floorboard when
Officer Oliver approached appellant=s car.  Regarding
appellant=s intent, appellant repeatedly testified that he did
not see anything like the crack cocaine Acookie@ on the floorboard
when he got into the car that evening.  He also asserted that he never hit
Officer Oliver, but that Officer Oliver had actually struck him.  Although the
parties contested Officer Oliver=s ability to see
the passenger side floorboard, it does not follow that the lack of an article
38.23 instruction on that issue actually harmed appellant in this case because
the jury=s guilty verdict
on the assault offense rendered any harm resulting from the charge error merely
theoretical, as discussed above.  See Porter, 255 S.W.3d at 241B43; Wilkerson,
933 S.W.2d at 281.








Third, we must review counsel=s arguments.  See
Almanza, 686 S.W.2d at 171.  In closing arguments, appellant=s trial counsel
emphasized Officer Oliver=s admission that appellant was not the
suspect initially pursued by the officers.  Defense counsel also attacked the
credibility of the officer‑witnesses; pointed out the factual disputes on
where Officer Oliver was standing and whether he could see the passenger side
floorboard from that position; and then asserted that the jury would conclude
that Officer Oliver could not see the floorboard from where he was standing. 
The above arguments were only relevant for the purpose of urging the jury to
find that Officer Oliver was not lawfully detaining appellant for possession of
a controlled substance at the time appellant struck him.  Those arguments are
substantively similar to the arguments defense counsel could have used had the
article 38.23 instruction been included in the charge.  Therefore, defense
counsel=s closing
arguments reveal no apparent actual harm resulting from the charge error.  See,
e.g., Hill, 265 S.W.3d at 544B45.  Likewise, the
prosecutor responded to the above arguments by defending the officers= credibility,
contending that they acted reasonably and did the right thing under the
circumstances, and suggesting that Officer Oliver would not just Apull [appellant]
out of the car and . . . start pistol‑whipping him@ for no reason. 
Counsels= arguments do not
suggest that any harm resulted from the trial court=s error.

Finally, we must review any other relevant
information revealed by the record as a whole.  See Almanza, 686 S.W.2d
at 171.  Although the jury requested the rereading of the officers= and appellant=s testimonies,
when the court asked the jury to specify which parts of the testimony they
desired to have reread, they focused on what happened after appellant=s car door opened,
i.e. after Officer Oliver purportedly saw the Acookie@ on the floorboard
and ordered appellant out.  Thus, the jury=s notes do not
show that any actual harm resulted from the error, and we conclude that there
is no information in the record demonstrating such harm otherwise.

We recognize that under most circumstances
the omission of an article 38.23 instruction regarding the admissibility of the
controlled substances at issue in a possession of controlled substances case
will result in some, and even egregious, harm.  See, e.g., Holmes v.
State, 223 S.W.3d 728, 731B32 (Tex. App.CHouston [14th
Dist.] 2007), aff=d, 248 S.W.3d 194
(Tex. Crim. App. 2008).  However, under the circumstances presented in this
particular case, we hold that the erroneous omission of an article 38.23
instruction from the jury charge did not result in any actual harm to
appellant.  We overrule appellant=s second issue.

IV.  Ineffective Assistance of Counsel








In his third issue, appellant complains
that his counsel provided ineffective assistance by conceding that probable
cause existed for the initial stop of appellant and by failing to preserve the
trial court=s error in refusing to include an article 38.23
instruction in the jury charge.  To prove ineffective assistance of counsel,
appellant must show, by a preponderance of the evidence, that (1) trial counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and (2) but for such deficiency, there is a reasonable
probability that the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 688B92 (1984); Jackson
v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  We presume that
trial counsel was competent, Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999), and will hold counsel ineffective on a silent record such as
the one presented here only if the challenged conduct is so outrageous that no
competent attorney would have engaged in it.  See Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Both of appellant=s complaints under
this issue center around his trial attorney=s alleged failure
to trigger the trial court=s statutory duty to include the article
38.23 instruction in the jury charge.  Having held that appellant triggered
that duty and properly preserved his second issue for our review, we disagree
with his contention that trial counsel performed deficiently in that regard.  See
Strickland, 466 U.S. at 688B92.  We therefore overrule appellant=s third issue.

Having overruled all of appellant=s issues, we affirm the trial court=s judgment.

 

 

 

/s/        Leslie B. Yates

Justice

 

Panel
consists of Justices Yates, Guzman, and Sullivan.

Do Not
Publish C Tex.
R. App. P. 47.2(b).









[1]  We note, as well, that while article 38.23
instructions normally include an abstract instruction on the law of search and
seizure as well as an application paragraph, a defendant is not entitled to an
abstract instruction where, as here, the jury is asked to resolve a simple
factual dispute, as opposed to a situation where jurors must assess an officer=s reliance on a multitude of factors in making an
arrest.  See Middleton v. State, 125 S.W.3d 450, 454 (Tex. Crim. App.
2003).